61 F.3d 903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AFRO-AMERICAN POLICE ASS'N and United States of America,
Plaintiffs-Appellees,
v.
CITY OF MEMPHIS, Defendants-Appellees,
Mark T. McClain, Applicant for Intervention Appellant.
 No. 93-5048.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1995.
 
 Before: BOGGS and BATCHELDER, Circuit Judges; and QUIST, District Judge*
 PER CURIAM.
 
 
 1
 Appellant, Mark T. McClain, appeals from the district court's order denying him leave to intervene in two lawsuits that were consolidated and settled by consent decrees years ago. United States v. City of Memphis and Afro-American Police Ass'n v. City of Memphis were brought in the mid-1970s in an effort to remedy race and sex discrimination in the employment practices of the Memphis Police Department. The action brought by the United States was settled by consent decree in 1974; subsequently, that action was consolidated with the action brought by the Afro-American Police Association and a consent decree in the consolidated action was approved in 1979. In 1981, the district court approved amendments to the 1974 consent decree. The 1979 and 1981 consent decrees established race-based hiring and promotional goals and remedies.
 
 
 2
 McClain, who became a member of the Memphis Police Department in 1981, is a named plaintiff in Aiken v. City of Memphis, a separate action brought in 1990 by a group of white Memphis police officers challenging the City's interpretation of the consent decrees and the constitutionality of those decrees as applied to the plaintiffs. The district court granted summary judgment to the City in Aiken, holding that the Aiken plaintiffs, none of whom was a party in the earlier litigation, lacked standing to challenge the interpretation or enforcement of the consent decrees, and that the decrees were constitutional as applied to plaintiffs. While the appeal of the summary judgment order was pending, McClain moved to intervene in the consolidated Afro-American Police Ass'n action, primarily in order to move for either modification or dissolution of the consent decree on the grounds that the goals of the decree have been met. It is the district court's denial of that motion which McClain now appeals. For the reasons that follow, we affirm the judgment of the district court.
 
 
 3
 First, the district court correctly concluded that McClain's Motion to Intervene was untimely. To determine whether an application for intervention meets the timeliness requirements of Fed. R. Civ. P. 24(a), a court should consider several factors, including "the length of time preceding the application during which the applicant knew or reasonably should have known of its interest in the case." Linton by Arnold v. Commissioner of Health and Env't, 973 F.2d 1311, 1317 (6th Cir. 1992). In finding McClain's Motion to Intervene untimely, the district court noted that not only had thirteen years passed since the consent decrees finalized the case, but that McClain had four years after possessing actual knowledge -- which he acquired upon being denied a promotion in 1988 -- to file the complaint. The district court did not abuse its discretion in finding that the Motion to Intervene was untimely.
 
 
 4
 Furthermore, as the district court stated, McClain's "interests in the decree are adequately represented before the Sixth Circuit" in the Aiken litigation. This court has now held, after en banc review of the district court's summary judgment order in that case, that although the plaintiffs lack standing to challenge the City's interpretation of the consent decrees, summary judgment was improper on the issue of the constitutionality of the decrees as applied to plaintiffs. Aiken v. City of Memphis, 37 F.3d 1155 (6th Cir. 1994) (en banc). Applying strict scrutiny to the consent decrees' race-based promotional remedies, we held that the City had the burden of producing evidence that (1) the City's plan was justified by a compelling governmental interest, and (2) the means to effectuate the City's purpose was narrowly tailored to achieve that goal. Id. at 1162. We further held that because the City's statistical evidence satisfied its burden of producing strong evidence of discrimination, no genuine issue remained regarding whether the race-based promotions were supported by a compelling interest. Id. at 1163. However, we concluded that a material issue remained on whether the race-based promotional remedies were narrowly tailored and remanded the case to the district court to reexamine this question. Id. at 1164-65. We instructed the district court that in making its determination, it should consider the City's failure to utilize or develop validated procedures for promotions in the police department; additionally, we instructed the district court to ascertain the racial makeup of the qualified labor pool for the positions at issue in order to determine whether the decrees' hiring and promotional goals have resulted in over-representation in the relevant ranks. Id. at 1167.
 
 
 5
 McClain's assertion that the decrees "will continue in perpetuity unless [he] is allowed to intervene [in the consolidated Afro-American Police Ass'n cases] and force the City to adopt race-neutral selection procedures" is simply without merit. The ongoing Aiken litigation, in which McClain is already a plaintiff, provides the forum for him to make the only argument that the law permits him to raise: Whether the consent decrees as implemented actually violate his constitutional rights. This is precisely the issue which the district court has been instructed to address on remand in Aiken.
 
 
 6
 For the forgoing reasons, the district court's denial of appellant's Motion to Intervene is AFFIRMED.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation